UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10527-IT

JEAN REGIS and VERLANDE REGIS,
on their own behalf and on behalf of their
minor children, M, J, and H,
                            Plaintiffs,
v.

WILLIAM GROSS, WILLIAM FEENEY,
MATTHEW PIEROWAY, JOHN DOES
1-10, and THE CITY OF BOSTON,
                            Defendants.

## MATHEW PIEROWAY'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, Mathew Pieroway ("Pieroway"),[1] answers Plaintiffs' Complaint as follows:

### INTRODUCTION

The first unnumbered paragraph of Plaintiffs' Complaint is introductory in nature and, therefore, no response from Pieroway is required.

1.      Pieroway admits that he and other officers of the Boston Police Department entered the Regis family's home in the early morning of November 27, 2018.  Pieroway denies the remaining allegations contained in Paragraph 1 to the extent they pertain to him.  Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations.

### JURISDICTION

2.      Paragraph 2 is a statement concerning jurisdiction to which no response from Pieroway is required.

### PARTIES

3.      Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 3.

---

[1]      Pieroway spells his first name with only one "t".

4.      Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 4.

5.      Pieroway admits that William Gross is the Commissioner of the Boston Police Department.   The remainder of the allegations contained in Paragraph 5 constitute legal conclusions to which no response is required.

6.      Pieroway admits that Feeney was a duly appointed police officer of the Boston Police Department on the date of the alleged incident.  The remainder of the allegations contained in Paragraph 6 constitute legal conclusions to which no response is required.

7.      Pieroway admits that on the date of the alleged incident he was a duly appointed police officer of the Boston Police Department acting under color of law.   The remainder of the allegations contained in Paragraph 7 constitute legal conclusions to which no response is required.

8.      Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 8.

9.      Pieroway admits the allegations contained in Paragraph 9.

## FACTS

10.      Pieroway admits that 41 Faneuil St. is a multi-unit apartment building.  Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations contained in Paragraph 10.

11.      Pieroway admits that at around 4:30 a.m. on November 27, 2018, a Drug Control Unit arrived at 41 Faneuil St. to execute a search warrant for apartment 139.  Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations contained in Paragraph 11.

12.      Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 12.

13.      Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 13.

14.      Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 14.

15.      Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 15.

16.      Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 16.

17.     Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 17.

18.     Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 18.

19.     Pieroway denies that Jean, Verlande, and M were kept in handcuffs for 20 minutes. Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations contained in Paragraph 19.

20.     Paragraph 20 calls for a legal conclusion rather than a factual response and, therefore, no response from Pieroway is required.  To the extent a response is required, Pieroway admits that officers had been given a key to apartment 139.  Pieroway denies the remaining allegations contained in Paragraph 20 to the extent they pertain to him.  Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations.

21.     Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 21.

22.     Pieroway admits that he told the family and the other officers that they had entered the wrong apartment, but denies that it took 20 minutes before he did so.  Pieroway admits that the search warrant possessed by the officers listed apartment 139.  Pieroway further admits that Boston Police Department rules require identification of the premises to be searched.  Pieroway denies the remaining allegations contained in Paragraph 22 to the extent they pertain to him. Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations.

23.     Pieroway admits that some apartments in the building were labeled with apartment numbers on the outside of or near the apartment doors.  Pieroway further admits that Boston Police Department rules require entry personnel to be directed to the particular unit to be entered and searched in a multi-unit dwelling.  Pieroway further admits that the Regis family's apartment was the first apartment on the left.  Pieroway denies the remaining allegations contained in Paragraph 23 to the extent they pertain to him.  Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations.

24.     Paragraph 24 calls for a legal conclusion rather than a factual response and, therefore, no response from Pieroway is required.  To the extent a response is required, Pieroway denies the allegations contained in Paragraph 24 to the extent they pertain to him.  Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations.

25.     Pieroway denies the allegations contained in Paragraph 25 to the extent they pertain to him.  Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations.

26.     Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 26.

27.     Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 27.

28.     Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 28.

29.     Paragraph 29 contains several references to Rule 334 of the Boston Police Department, the contents of which speak for itself.  Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations contained in Paragraph 29.

**CAUSES OF ACTION**

**COUNT I – 42 U.S.C. §§ 1983 and 1988**
(Against Defendants Feeney, Pieroway, and Does)

30.     Pieroway repeats and re-alleges his answers to Paragraphs 1 through 29 above as it set forth fully herein.

31.     Paragraph 31 calls for a legal conclusion rather than a factual response and, therefore, no response from Pieroway is required.  To the extent a response is required, Pieroway denies the allegations contained in Paragraph 31 to the extent they pertain to him.  Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations.

32.     Paragraph 32 calls for a legal conclusion rather than a factual response and, therefore, no response from Pieroway is required.  To the extent a response is required, Pieroway denies the allegations contained in Paragraph 32 to the extent they pertain to him.  Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations.

**COUNT II – 42 U.S.C. §§ 1983 and 1988**
(Against the City of Boston and Defendant Gross)

33.     Pieroway repeats and re-alleges his answers to Paragraphs 1 through 32 above as if set forth fully herein.

34.     Paragraph 34 is directed at a party other than Pieroway and, therefore, no response from Pieroway is required.  To the extent a response is required, Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 34.

35.     Paragraph 35 is directed at a party other than Pieroway and, therefore, no response from Pieroway is required.  To the extent a response is required, Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 35.

4

36.     Paragraph 36 is directed at a party other than Pieroway and, therefore, no response from Pieroway is required.  To the extent a response is required, Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 36.

## COUNT III – VIOLATION OF M.G.L. c. 12 §§ 11H and 11I
### (Against all Defendants)

37.     Pieroway repeats and re-alleges his answers to paragraphs 1 through 36 above as if set forth fully herein.

38.     Paragraph 38 calls for a legal conclusion rather than a factual response and, therefore, no response from Pieroway is required.  To the extent a response is required, Pieroway denies the allegations contained in Paragraph 38 to the extent they pertain to him.  Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations.

39.     Paragraph 39 calls for a legal conclusion rather than a factual response and, therefore, no response from Pieroway is required.  To the extent a response is required, Pieroway denies the allegations contained in Paragraph 39 to the extent they pertain to him.  Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations.

## COUNT IV – VIOLATION OF M.G.L. c. 66, § 10A
### (Against the City of Boston)

40.     Pieroway repeats and re-alleges his answers to Paragraph 1 through 39 above as if set forth fully herein.

41.     Paragraph 41 is directed a party other than Pieroway and, therefore, no response from Pieroway is required.  To the extent a response is required, Pieroway is without knowledge or information sufficient to enable him to admit or deny the allegations contained in Paragraph 41.

## COUNT V – ASSAULT AND BATTERY
### (Against Defendants Feeney, Pieroway, and Does)

42.     Pieroway repeats and re-alleges his answers to Paragraphs 1 through 41 above as if set forth fully herein.

43.     Paragraph 43 calls for a legal conclusion rather than a factual response and, therefore, no response from Pieroway is required.  To the extent a response is required, Pieroway denies the allegations contained in Paragraph 43 to the extent they pertain to him.  Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations.

44.     Paragraph 44 calls for a legal conclusion rather than a factual response and, therefore, no response from Pieroway is required.  To the extent a response is required, Pieroway denies the allegations contained in Paragraph 44 to the extent they pertain to him.  Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations.

## COUNT VI – FALSE ARREST AND IMPRISONMENT
### (Against Defendants Feeney, Pieroway, and Does)

45.     Pieroway repeats and re-alleges his answers to Paragraph 1 through 44 above as if set forth fully herein.

46.     Paragraph 46 calls for a legal conclusion rather than a factual response and, therefore, no response from Pieroway is required.  To the extent a response is required, Pieroway denies the allegations contained in Paragraph 46 to the extent they pertain to him.  Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations.

47.     Paragraph 47 calls for a legal conclusion rather than a factual response and, therefore, no response from Pieroway is required.  To the extent a response is required, Pieroway denies the allegations contained in Paragraph 47 to the extent they pertain to him.  Pieroway is without knowledge or information sufficient to enable him to admit or deny the remaining allegations.

### PRAYERS FOR RELIEF

The remaining paragraphs consist of Plaintiffs' prayer for relief to which no response from Pieroway is required.  To the extent the remaining paragraphs can be construed as alleging facts against Pieroway, they are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' injuries and/or damages, if any, were proximately caused by their own negligent or intentional conduct and/or by the conduct of others, not by the conduct of Pieroway.

### THIRD AFFIRMATIVE DEFENSE

Pieroway, at all times, acted in good faith upon reasonable belief and that his actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are by their own acts, omissions, or negligence estopped from asserting any claims against Pieroway.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Pieroway's acts and/or conduct were performed according to, and protected by, law and/or legal process and, therefore, the Plaintiffs cannot recover.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Pieroway is immune from suit as he was engaging in discretionary functions pursuant to M.G.L. c. 258 § 10(b).

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

None of Pieroway's acts or omissions was a proximate cause of injuries or damages, if any, allegedly sustained by the Plaintiffs.  Nor were these alleged injuries or damages caused by any person or entity within Pieroway's responsibility or control.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

Pieroway is immune from suit because his actions are protected by the doctrine of qualified immunity.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiffs have not been deprived of any rights secured by either the Constitution, the laws of the United States or of the Commonwealth of Massachusetts.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred by the doctrine of laches and/or the statute of limitations.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Pieroway's actions were lawful under the "fellow officer" rule.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

Pieroway is immune from suit because his actions are protected by the doctrine of common-law immunity.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Pieroway's actions were lawful and justified because he was acting in self-defense.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Pieroway is immune from suit and not subject to liability pursuant to M.G.L. c. 258, § 2.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs have not alleged that Pieroway engaged in threats, intimidation, or coercion for the purpose of interfering or attempting to interfere with the exercise or enjoyment by Plaintiffs of rights secured by the constitutions or laws of the Commonwealth of Massachusetts or United States.

**<u>DEMAND FOR JURY TRIAL</u>**

Pieroway hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**DEFENDANT, MATHEW PIEROWAY**

By his attorneys:

Eugene L. O'Flaherty
Corporation Counsel

<u>/s/ Nicole M. O'Connor</u>
Nicole M. O'Connor (BBO#675535)
Senior Assistant Corporation Counsel
Lena-Kate K. Ahern (BBO#688331)
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4039 (O'Connor)
(617) 635-4051 (Ahern)
Nicole.OConnor@boston.gov
Lena-Kate.Ahern@boston.gov

## <u>CERTIFICATE OF SERVICE</u>

I, Nicole M. O'Connor, hereby certify that a true copy of the above document was served upon all parties of record via this court's electronic filing system and upon any non-registered parties via first class mail on the date listed below.


<u>Date</u>:   May 1, 2019                      /s/ Nicole M. O'Connor
                                            Nicole M. O'Connor