UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEAN REGIS and VERLANDE REGIS, on their own behalf and on behalf of their minor children, M, J, and H, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM GROSS, WILLIAM FEENEY, MATTHEW PIEROWAY, JOHN DOES 1-10, and THE CITY OF BOSTON, <br><br> Defendants. | Civil Action No. 19-cv-10527-IT |

ORDER

July 18, 2019

TALWANI, D.J.

This court hereby orders that the Parties' <u>Joint Motion and Stipulation of all Parties as to Protective Order</u> [#32] is ALLOWED in part. To the extent that the proposed protective order governs the exchange of documents and information between the Parties, the motion is ALLOWED.

Insofar as the proposed protective order seeks to govern the use of confidential information in any court proceeding or court filing, however, nothing in the protective order shall limit this court's power to make orders concerning the disclosure or impoundment of documents produced in discovery or at trial. To that end, a party seeking to file such documents under seal shall make a particularized showing for the need for impoundment.

This court is guided in this regard by First Circuit precedent and Local Rule 7.2. Because the public has a "presumptive" right of access to judicial documents, <u>United States v. Kravetz</u>, 706 F.3d 47, 59 (1st Cir. 2013) (citing <u>Siedle v. Putnam Invs., Inc.</u>, 147 F.3d 7, 10 (1st Cir.

1998)), "'only the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'" Id. (quoting In re Providence Journal Co., 293 F.3d 1, 10 (1st Cir. 2002)). The burden is thus on the impoundment-seeking party to show that impoundment will not violate the public's presumptive right of access. See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002))); Miller v. City of Bos., 549 F. Supp. 2d 140, 141 (D. Mass. 2008) ("The proponent of a Protective Order bears the burden of establishing 'good cause' for its continuation." (internal citation omitted)). For that reason, when seeking to file under seal any confidential information, a party must show this court good cause for the impoundment. See Kravetz, 706 F.3d at 60. Specifically, the party seeking impoundment must make "'a particular factual demonstration of potential harm, not . . . conclusory statements,'" id. (quoting Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 412 (1st Cir. 1987)), as to why a document should be sealed. See Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." (citations omitted)). This court "will not enter blanket orders" for impoundment. L.R. 7.2(e).

    IT IS SO ORDERED.

Date: July 18, 2018                                                  /s/ Indira Talwani
                                                                             United States District Judge