# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10527-IT

JEAN REGIS and VERLANDE REGIS, on their own behalf and on behalf of their minor children, M, J, and H,

Plaintiffs,

v.

WILLIAM GROSS, WILLIAM FEENEY, MATTHEW PIEROWAY, SEAN MARTIN, JOHN MCNULTY, PETER ZOGRAPHOS, RICHARD STANTON, JAMIE PIETROSKI, SEAN FRANCIS, EDWARD MOQUETE, RANCE COOLEY, FRANK NOGUEIRA, FRANCIS PETROWSKI, ADRIAN PINTO, and THE CITY OF BOSTON,

Defendants.

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement ("Agreement") is effective as of the 14th day of October, 2020, by and between Jean Regis and Verlande Regis, on their own behalf and on behalf of their minor children, Melissa, Jealand, and Hayden ("Plaintiffs"), on the one hand, and the City of Boston (the "Defendant"), on the other. (Plaintiffs and Defendant are collectively referred to as the "Parties.")

In consideration of the agreements and undertakings hereinafter set forth, and for other good and valuable consideration, the receipt and adequacy thereof being hereby acknowledged, the Parties declare and agree as follows:

1. The Parties desire to settle fully and finally any and all claims, demands, disputes, causes of action, liabilities, and issues between them arising out of an incident which transpired on November 27, 2018 (the "Incident"), including but not limited to the claims which resulted in the lawsuit captioned Jean Regis and Verlande Regis, on their own behalf and on behalf of their minor children, M, J, and H v. City of Boston et al., United States District Court, District of Massachusetts, Civil Action No. 1:19-CV-10527-IT (the "Action"), including without limitation attorneys' fees, costs, and/or expenses that the Parties have incurred in connection with the Action. Within two business days of signing, the parties shall cause their counsel in the Action to submit this agreement for approval by Joint Motion of the Parties to the United States District Court, District of Massachusetts (the "Court").

2. In consideration of the release described herein, the Parties agree that the City of Boston shall pay to the Plaintiffs the total sum of Five Hundred Thousand Dollars and Zero Cents ($500,000.00), which sum may be reduced as provided herein in paragraph nineteen ("Settlement Sum"). The Settlement Sum will be paid through 5 checks of $100,000 each, one payable to Jean Regis, one payable Verlande Regis, one payable to Jean and Verlande Regis on behalf of Melissa Regis, one payable to Jean and Verlande Regis on behalf of Jealand Regis, and one payable to Jean and Verlande Regis on behalf of Hayden Regis, subject to any reductions pursuant to paragraph nineteen attributable to the person on whose behalf the payment is made. The checks will be paid within thirty days of the Court's approval of this agreement. The Plaintiffs and their counsel shall provide the City of Boston any additional payment instructions and completed IRS tax form(s) W-9 prior to the City's issuance of the settlement checks.

3. The Settlement Sum is in full and final satisfaction of any and all claims, disputes, liabilities, and issues between the Plaintiffs and the Defendant arising from the Incident. No part of the Settlement Sum represents punitive damages. No part of the Settlement Sum is in lieu of earnings or lost income or to compensate for lost income. The Settlement Sum is solely to compensate for personal injury as a result of the Incident.

4. Plaintiffs shall retain the Settlement Sum in full, complete, and final settlement of any and all claims arising from the Incident, whether known or unknown, that were or could have been asserted against the Defendant or any of its departments or employees, including but not limited to William Gross, William Feeney, Matthew Pieroway, Sean Martin, John McNulty, Peter Zographos, Richard Stanton, Jamie Pietroski, Sean Francis, Edward Moquete, Rance Cooley, Frank Nogueira, and Adrian Pinto, as well as the Defendant's officials, attorneys, officers, agents, representatives, insureds, and/or assigns, which categories specifically include, but are not limited to, the Boston Police Department.

5. Effective upon completion of all of the City of Boston's payment obligations hereunder, Plaintiffs, for themselves and their heirs, parents, spouses, children, kin, estate, administrators, legal guardians, agents, attorneys, representatives, insurers, predecessors, successors, and assigns, do hereby unconditionally release, remise, acquit, and forever discharge the Defendant, including but not limited to the City of Boston's officials, elected or appointed, in their individual and official capacities, its employees, past and present, including but not limited to William Gross, William Feeney, Matthew Pieroway, Sean Martin, John McNulty, Peter Zographos, Richard Stanton, Jamie Pietroski, Sean Francis, Edward Moquete, Rance Cooley, Frank Nogueira, and Adrian Pinto, in their individual and official capacities, its boards, departments, agencies, agents, predecessors, successors, assigns, legal representatives, and attorneys, past and present (collectively, the "Defendant Releasees") from any and all claims, actions, liabilities, causes of action, grievances, suits, accounts, covenants, contracts, costs, agreements, demands, liens, damages, controversies, and proceedings, for damages, compensation, benefits, costs, losses, loss of service or companionship, loss of consortium or society, expenses, attorneys' fees, interest, or declaratory relief arising out of any and all personal injury, economic injury, property damages, violation of federal or state civil rights, negligence, or any other liabilities in law

or equity, past, present, or future, whether presently known or unknown, arising from the Incident, which were or could have been alleged or sought in the Action.

6. Plaintiffs understand and agree that by paying the Settlement Sum the City of Boston is not admitting liability by the City of Boston, any other Defendant Releasees, or anyone for whom the City of Boston would be responsible, that Defendant expressly denies any wrongdoing, alleged unlawful conduct, and/or liability for any injury or damage of any kind or nature to the Plaintiffs, and that Defendant takes the position that the settlement made hereunder is made solely in order to avoid the costs and expenses of further litigation of all pending claims against the Defendant Releasees and all claims that could have been made as a result of the Incident. Defendant understands and agrees that nothing in this Agreement precludes Plaintiffs from continuing to express the view that the Defendant Releasees in the Action did violate their legal rights. The Parties agree that Plaintiffs are solely responsible for the payment of any and all taxes which are due because or arising out of their receipt of the Settlement Sum pursuant to the terms of this Agreement. The Plaintiffs understand and agree that neither the Defendant, nor any of the Defendant's attorneys, agents or representatives, have provided, are providing or will provide any tax or legal advice; additionally, the Plaintiffs understand and agree that the Defendant's attorneys, agents or representatives are making no representation regarding tax obligations or tax consequences, if any, related to the Settlement Sum or any aspect of this Agreement.

7. The Parties do not intend by any provision of this Agreement to create any rights in or increase the rights of any third-party beneficiaries, nor to confer any benefit upon or enforceable rights under this Agreement or otherwise upon anyone other than the Plaintiffs and the Defendant. Specifically, the Parties acknowledge that nothing in this Agreement shall extend or increase the rights of any third-party claimants or the liability or obligations of the Defendant.

8. This Agreement constitutes the whole of understandings, discussions, and agreements by and between the Parties. The terms and provisions of this Agreement are contractual and not mere recitals. The Parties acknowledge that there have been no oral, written, or other agreements of any kind as a condition precedent to or to induce the execution and delivery of this Agreement. Any written or oral discussions conducted prior to the effective date of this Agreement shall not in any way vary or alter the terms of this Agreement.

9. This Agreement shall not be changed, amended, or altered in any way except in writing and executed by both Plaintiffs and Defendant.

10. This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original. Any complete copy of this Agreement will also be deemed to be an original with the same legal force and effect.

11. This Agreement shall be governed by and controlled by the laws of the Commonwealth of Massachusetts.

12. This Agreement shall be binding upon the Parties and their respective successors, insurers, and assigns.

13. In the event that one or more provisions of this Agreement shall be declared to be invalid, illegal, or unenforceable in any respect, unless such invalidity, illegality, or unenforceability shall be tantamount to a failure of consideration, the validity, legality, and enforceability of the remaining provisions contained in this Agreement shall not in any way be affected or impaired thereby.

14. It is understood and agreed by the Plaintiffs and Defendants that this Agreement shall be construed without regard to any presumption or other rule requiring construction against the party causing this Agreement to be drafted.

15. The undersigned represent and warrant that they have the right, capacity, and all necessary authority to execute this Agreement that they are at least eighteen years of age, and that they understand the terms and consequences of executing this Agreement.

16. The undersigned represent and warrant that they have not transferred or assigned any interest arising out of or in any way related to the subject matter of the Action.

17. The undersigned represent and warrant that they have had the opportunity to review the terms of this Agreement and to obtain the advice of counsel prior to executing this Agreement, and that they execute this Agreement as their free act and deed.

18. The undersigned, through counsel, shall join in the execution of a Stipulation of Dismissal of all claims in the Action, which Stipulation Plaintiffs shall file with the Court within seven (7) business days of deposit and clearing of the checks for the Settlement Sum or as otherwise directed by the Court in connection with a motion to approve this settlement. The said Stipulation shall provide for a dismissal of said claims with prejudice, without interest, costs, or an award of attorneys' fees, and with all further rights of appeal waived.

19. Please be advised that prior to issuing any settlement checks over $500.00, the City of Boston is required by law (Mass. Gen. Laws c. 258, § 14; Mass. Gen. Laws c. 175, §§ 24D, 24E, 24F) to run Plaintiffs' social security numbers through the Massachusetts Department of Revenue Payment Intercept Program ("PIP"). This program identifies individuals who may owe monies for child support, MassHealth, and/or Massachusetts tax liens. If the City of Boston is notified by the PIP that one or more of these liens exist, the City of Boston is required by law to issue a separate check for each identified lien directly to the Commonwealth of Massachusetts for the total lien amounts identified. These amounts will be deducted from the Settlement Sum. The Parties agree that the City of Boston will simultaneously issue the checks for the Settlement Sum and any separate checks to the Commonwealth of Massachusetts described in this paragraph. The Parties agree that the City will not take steps to process the payment until counsel for Plaintiffs notifies counsel for the City that discussions with MassHealth about any liens are completed.

20. The Parties agree that Plaintiffs shall be solely responsible for satisfying any conditional payment, lien, or other obligation to reimburse the Centers for Medicare & Medicaid Services ("CMS") and/or its contractors, other governmental entities or programs, insurers, or other sources of payment or benefits for any medical services furnished to Plaintiffs that related to the subject matter of the Action. The Parties further agree that Plaintiffs stipulate that it is their responsibility, and not that of Defendants, to satisfy any and all conditional payments, liens, subrogation, and other claims or demands for payment associated with medical services furnished to Plaintiffs that related to or arose out of the subject matter of the Action and that may arise in any manner, including without limitation under the Medicare Secondary Payer ("MSP") statute, 42 U.S.C. § 1395y(b), contract, or other applicable state or federal law relating to medical services to Plaintiffs or from Plaintiffs' failure to make the payments and satisfaction described in this Agreement, or which may arise in any way as a result of Plaintiffs' receipt of Social Security Disability Income ("SSDI") and/or Social Security Income ("SSI") benefits.

*[**Signatures on following pages**]*

IN WITNESS WHEREOF, the Parties have executed this agreement on the date indicated above, and each of the undersigned personally represent and warrant that they have the full right, power, and authority to execute this Agreement on behalf of the respective Parties.

Plaintiff, Jean Regis

_Jean Regis_  1-6-21
Jean Regis            Date

Plaintiff, Verlande Regis

_Verlande Regis_  01/06/21
Verlande Regis        Date

On behalf of minor Plaintiff, Melissa Regis

_Jean Regis_  1-6-21
Jean Regis            Date

_Verlande Regis_  01/06/21
Verlande Regis        Date

On behalf of minor Plaintiff, Jealand Regis

_Jean Regis_  1-6-21
Jean Regis            Date

_Verlande Regis_  01/06/21
Verlande Regis        Date

On behalf of minor Plaintiff, Hayden Regis

_Jean Regis_  1-6-21
Jean Regis            Date

_Verlande Regis_  01/06/21
Verlande Regis        Date

On behalf of Defendant, City of Boston

_____  1/6/21
Nicole M. O'Connor
Senior Assistant Corporation Counsel
City of Boston Law Department